**Dan R. BARRY, Appellant,**

v.

**Teresa BARRY, Appellee.**

**No. 01–05–00551–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 16, 2006.

L. Garth White, Houston, TX, for Appellant.

Patrice M. Barron, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

On February 6, 2004, Teresa Barry, appellee, filed for divorce from Dan Barry, appellant. Dan did not file a response in time, and a default divorce decree was entered. On June 1, 2005, Dan filed a notice of restricted appeal.

In three points of error, Dan argues that (1) he is entitled to a restricted appeal; (2) the evidence was insufficient to support the relief granted in the divorce decree; and (3) the division of property was not just and right.

We reverse and remand.

### Background

On February 6, 2004, Teresa Barry, appellee, filed for divorce from Dan Barry, appellant. Teresa amended the petition once, but Dan did not respond within the required time. On December 6, 2004, a hearing was held and a default divorce decree was entered. Fourteen days later, Dan filed an original answer to Teresa's petition. On June 1, 2005, Dan filed a notice of restricted appeal.

### Right to Restricted Appeal

■ In his first point of error, Dan argues that he meets the requirements for a restricted appeal.

A party filing a restricted appeal must demonstrate the following elements: (1) appellant appealed within six months after the judgment was rendered; (2) the appellant was a party to the suit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of; (4) the appellant did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5) error appears on the face of the record. *See* Tex.R.App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). Before we can consider the fifth element in the remaining points of error, we determine whether the first four elements apply.

The divorce decree was signed by the trial court on December 6, 2004. Dan filed a notice of appeal on June 1, 2005—within six months after the judgment was rendered. The suit involved Teresa bringing an action for divorce against Dan; thus, he was a party to the suit. Dan was not involved in any actions prior to the hearing and neither he nor his lawyer were at the hearing.

Teresa argues that Dan does not satisfy the fourth element required for a restricted appeal. Fourteen days after the hearing, Dan filed "Respondent Dan Barry's Original Answer to Petition for Divorce." Teresa argues that "this post-judgment 'answer' is the substantive equivalent of a 'post-judgment motion,' and thus a restricted appeal is precluded."

■ In determining the nature of an instrument, courts look to its substance, not to the form of its title or caption. *Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). The prayer for relief in Dan's filing asked that Teresa take nothing by her suit and that Dan take all relief requested in the filing. Teresa argues that Dan's prayer for relief would require a modification in the divorce decree, and therefore Dan's filing must be interpreted as a post-judgment motion.

■ In order to get the judgment set aside, Dan would have had to have filed a motion for new trial. Tex.R. Civ. P. 320. A motion for new trial must, by its very nature, seek to set aside an existing judgment and request relitigation of the issues. *Finley v, J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex.App.-Houston [1st Dist.] 1999, no pet.). If an instrument does not meet these minimum requirements, it is not a motion for new trial. *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ). Dan's prayer does not meet these requirements.

■ A motion for new trial after a default judgment requires a showing that (1) the failure of the defendant to answer was not intentional or the result of conscious indifference; (2) the defendant alleges a meritorious defense; and (3) the motion for new trial is filed at a time when its granting will not cause delay or otherwise work injury to the plaintiff. *Vannerson v. Vannerson*, 857 S.W.2d 659, 663 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). The body of Dan's filing consists of only a general denial and a request for attorney's fees.

We hold that Dan's untimely filing of an answer to Teresa's petition does not change the nature of the instrument into a post-judgment motion. We further hold

that Dan satisfies the first four requirements of a restricted appeal.

## Insufficient Evidence

In his second point of error, Dan argues the evidence was insufficient to support the relief granted in the divorce decree.

### A. Standard of Review

■ In reviewing a no-evidence point of error, we consider only the evidence and inferences tending to support the trial court's finding and disregard all contrary evidence and inferences; anything more than a scintilla of evidence is legally sufficient to support the finding. *Wal–Mart Stores, Inc. v. Miller,* 102 S.W.3d 706, 709 (Tex.2003). When we review factual sufficiency, we conduct a neutral review of all the evidence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). We will reverse for factual insufficiency only if the ruling is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Nelson v. Najm,* 127 S.W.3d 170, 174 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

### B. Analysis

Dan challenges the proof necessary (1) to establish the statutory residence and domicile requirements and (2) to support the division of property, the creation of medical obligations for an adult child, and the assessment of attorney's fees.

#### 1. Residence and Domicile Requirements

■ Dan argues that there is insufficient evidence to meet the requirements of Rule 6.301 of the Texas Family Code. Rule 6.301 requires that, before a suit for divorce can be filed in any particular county, one of the parties must have been a domiciliary of Texas for the preceding six months and a resident of the county for the preceding 90 days. TEX. FAM.CODE ANN. § 6.301 (Vernon 1998).

At trial, Teresa testified that Dan had lived in Texas at least six months and in Harris county at least 90 days. This is some evidence that Rule 6.301 has been satisfied. There is no contrary evidence. We hold that there is no error on the face of the record and that the evidence was legally and factually sufficient to meet the statutory requirements.

#### 2. Division of Property, Medical Obligations, and Attorney's Fees

■ Dan argues that the evidence was insufficient to support the division of property, the establishment of Dan's obligation to provide medical support for his adult child, and the assessment of attorney's fees. Teresa concedes error for each of these points, and we agree.

"In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701 (Vernon 1998). Teresa was obligated to present evidence at trial of the material allegations in her petition. *Agraz v. Carnley,* 143 S.W.3d 547, 552 (Tex.App.-Dallas 2004, no pet.). As to the division of property, the testimony at trial only showed that she requested the division of property as it was given, without testifying as to how this was a just and right division. This was insufficient. *Wilson v. Wilson,* 132 S.W.3d 533, 538 (Tex. App.-Houston [1st Dist.] 2004, no pet.) (holding that "[g]iven the dearth of evidence identifying, describing, and valuing the community estate ... there is insufficient evidence to support the division of assets"). The same is true for the establishment of Dan's medical obligations for the adult child.

■ A party does not have a statutory right to attorneys' fees in a divorce case which does not involve a child custody

determination. *Beard v. Beard,* 49 S.W.3d 40, 64 (Tex.App.-Waco 2001, pet. denied). Assessment of attorneys fees may be a part of the just and right division of property. *Sandone v. Miller–Sandone,* 116 S.W.3d 204, 208 (Tex.App.-El Paso 2003, no pet.). Because we reverse the division of property and because the evidence supporting attorney's fees was insufficient, we include assessment of attorney's fees in the portion of the judgment to be reversed.

We sustain Dan's second point of error. Because Dan's third point of error would not provide greater relief than what we currently grant, we need not address that point of error.

### Motions Carried with Case

This Court carried two of Teresa's motions with this case. The first asked this court to dismiss for lack of jurisdiction. The arguments in this motion matched the arguments discussed and ruled on above in appellant's first point of error. We therefore deny this motion as moot. The other motion, supplemented and then amended, asked the court to dismiss the case because of Dan's failure to attend a mediation that the parties agreed to attend. We deny the motion.

### Conclusion

We reverse the judgment of the trial court and remand for a redivision of the marital estate, including the establishment of the medical obligations for the adult child and apportionment of attorneys' fees. The motions carried with the case are denied.