Opinion issued April 5, 2007 







 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00549-CV

____________


WORLD SAVINGS BANK, FSB, Appellant


V.


JULIO ALANIZ AND SUSANA BELTRAN, Appellees






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2005-09258






MEMORANDUM OPINION

 In this restricted appeal, appellant, World Savings Bank, FSB ("World
Savings"), challenges the trial court's default judgment entered in favor of appellees,
Julio Alaniz and Susana Beltran, on their claim for fraud in a real estate transaction. (1) 
In two issues, World Savings contends that the trial court erred in granting the default
judgment and in awarding attorney's fees. (2)

 We reverse and render.

Factual and Procedural Background

 On February 11, 2005, appellees filed the instant suit against Gerardo J. Lerma,
Imelda Lerma ("the Lermas") (3) and World Savings, alleging that on or about June 13,
2002, appellees entered into a real estate sales contract for the purchase of a house
from the Lermas. Appellees, on or about July 12, 2002, applied for a loan with World
Savings, and, based on its inspection and appraisal of the house, World Savings
approved a loan to appellees in the amount of $48,000. However, upon closing,
appellees were unable to move into the house because "[g]as and electricity would not
pass inspection." Once appellees were able to move into the house, they determined
that the following items needed to be repaired: "[t]he garage is unfinished (open wires
and sheet rock not finished)"; "[w]alls in the home are separating"; "[b]rickwork was
improperly attached"; "[s]hower is unusable because the tile has separated"; "[r]oof
was installed without venting"; "[c]abinets in kitchen are separating"; and "[c]eiling
in kitchen has large paint bubbles sagging." Appellees asserted causes of action
against the Lermas and World Savings for common law fraud, fraud in a real estate
transaction, and breach of contract. 

 World Savings did not answer the lawsuit, and appellees filed their motion for
default judgment. (4) At the default judgment hearing, Beltran testified that "as part of
purchasing the house," the transaction required World Savings to inspect the house. 
Although Beltran was initially not aware of any problems with the house, once she
contacted the Lermas, she became aware of problems with the house. She understood
that the problems would be fixed and repaired before she and Alaniz moved into the
house. World Savings sent an inspector to inspect the house and premises regarding
the loan. Beltran stated that someone at World Savings told her that it had inspected
the house thoroughly and that all of the repairs had been made. Beltran explained that
she relied on that representation in going forward with the purchase of the house. 
However, once she moved into the house, she discovered that the repairs had not been
made. After several photographs depicting the house were admitted into evidence for
purposes of the hearing, Beltran explained that the living room floor was cracked, the
shower in the restroom was starting to crack, the floors were not level, tiles
containing asbestos remained in the house, and bricks were missing around the gas
system. She stated that after moving into the house, she could not get a permit from
the city to turn on the electricity due to code violations. She explained that "open
wires" caused her to be fearful of a fire.

 Appellees explained to the trial court that, based on section 27.01 of the Texas
Business and Commerce Code, they were seeking actual damages in the amount of
$33,500, consisting of $18,500 for the amount of payments that Beltran had paid on
the loan and $15,000 for mental anguish damages based on "sleeping in the
dilapidated conditions with potential fires" and being "scared of the horrible
conditions of the house that the bank told her had been repaired." Appellees also
sought $450 for costs of court, $8,000 in attorney's fees, and $2,100 in pre-judgment
interest. In regard to their attorney's fees, appellees' counsel testified that as of the
date of the hearing, he had worked forty hours on the case at a rate of $200 per hour.

 On March 27, 2006, the trial court entered a no-answer default judgment
against World Savings "[w]ith respect to the causes [sic] of action for Fraud In A
Real Estate Transaction" in favor of appellees for the amount of $44,050. World
Savings timely filed this restricted appeal.Restricted Appeal

 In its first issue, World Savings argues that the trial court erred in granting
appellees' motion for default judgment because they did not present sufficient
evidence to prove their cause of action for fraud in a real estate transaction.

 To attack a judgment by a restricted appeal, the appeal must be filed (1) within
six months after the trial court signed the judgment; (2) by a party to the suit; (3) who,
either in person or through counsel, did not participate at trial and did not timely file
any post-judgment motions or requests for findings of fact and conclusions of law;
and (4) error must be apparent from the face of the record. Tex. R. App. P. 26.1(c),
30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Barry v. Barry,
193 S.W.3d 72, 74 (Tex. App.--Houston [1st Dist.] 2006, no pet.). The face of the
record consists of all the papers on file in the appeal, including any reporter's record. 
Osteen v. Osteen, 38 S.W.3d 809, 813 (Tex. App.--Houston [14th Dist.] 2001, no
pet.). Here, the parties dispute only the appearance of error on the face of the record. Section 27.01 of the Texas Business and Commerce Code provides that fraud
in a transaction involving real estate consists of a,

(1) false representation of a past or existing material fact, when the
false representation is


(A) made to a person for the purpose of inducing that
person to enter into a contract; and


(B) relied on by that person in entering into that
contract; or


(2) false promise to do an act, when the false promise is


(A) material;


(B) made with the intention of not fulfilling it;


(C) made to a person for the purpose of inducing that
person to enter into a contract; and


(D) relied on by that person in entering into that
contract.


Tex. Bus. & Com. Code Ann. § 27.01(a) (Vernon 2002). Unlike common law fraud,
statutory fraud under section 27.01 does not require proof of knowledge or
recklessness as a prerequisite to the recovery of actual damages. Burleson State Bank
v. Plunkett, 27 S.W.3d 605, 611 (Tex. App.--Waco 2000, pet. denied). 

 However, section 27.01 only applies to misrepresentations made to induce
another to enter into a contract for the sale of land or stock. Id. A loan transaction,
even if secured by land, does not fall under the statute. Id.; see also Greenway Bank
& Trust v. Smith, 679 S.W.2d 592, 596 (Tex. App.--Houston [1st Dist.] 1984, writ
ref'd n.r.e.) ("The statute makes no mention of any application to guaranty
agreements, secured by real estate, or to a party who 'merely' loaned money for the
purchase of real estate.").

 Here, in their original petition, appellees indicate that prior to applying for a
loan with World Savings, they had already entered into a real estate sales contract
with the Lermas for the purchase of the house in question. Because the face of the
record establishes that there was neither a contract for, nor a sale of, land or stock
between appellees and World Savings, section 27.01 is inapplicable. Accordingly,
we hold that the trial court erred in granting the default judgment in favor of
appellees' based on their claims under section 27.01. See Paramount Pipe & Supply
Co., Inc. v. Muhr, 749 S.W.2d 491, 491 (Tex. 1988) (a default judgment will be held
erroneous if the petition affirmatively discloses the invalidity of the claim).

 We sustain World Savings's first issue.

 Having held that the trial court erred in granting the default judgment in favor
of appellees on their claim under section 27.01, we further hold that it was error to
award appellees attorney's fees.

 We sustain World Savings's second issue.


Conclusion

 We reverse the judgment of the trial court and render judgment in favor of
World Savings on appellees' claim for fraud in a real estate transaction.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. See Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 2002).
2. In its brief, World Savings challenges the default judgment on the grounds that
appellees did not meet their burden of proof on their claims of common law fraud,
fraud in a real estate transaction, and breach of contract. However, as noted by
appellees, the trial court entered the default judgment only on their claim for fraud in
a real estate transaction and denied all other relief requested, and we consider only the
fraud in a real estate transaction claim on appeal.
3. Gerardo J. Lerma and Imelda Lerma are not parties to this appeal.
4. After the Lermas filed a general denial, appellees non-suited them.