Affirmed in Part; Reversed and Remanded in Part; and Opinion filed June
19, 2007








Affirmed in Part; Reversed and Remanded in Part; and Opinion filed June 19,
2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01257-CV

_______________

 

AMADEO VAZQUEZ, Appellant

 

V.

 

MARIA VAZQUEZ, Appellee

                                                                                                                                               


On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Cause No. 30521

                                                                                                                                                

 

O P I N I O N








  In
this restricted appeal, appellant, Amadeo Vazquez (AAmadeo@), appeals from a default divorce
decree dissolving his marriage to appellee, Maria Vazquez (AMaria@).  In seven issues, Amadeo contends
he is entitled to review by a restricted appeal and that the evidence is
insufficient to support (1) dissolution of the marriage on the ground of
cruelty, (2) the conservatorship rights granted to Maria, (3) the reasonableness
of Amadeo=s monthly obligation or his additional obligations of medical support for
the children and maintenance of a life insurance policy, (4) the property
division as just and right, (5) the assessment of Maria=s attorney=s fees against Amadeo, and (6) any
relief based on the purported agreement of the parties.  We reverse and remand
in part and affirm in part..  

I.  Background 

On
September 13, 2004, Maria filed her divorce petition.  She filed her first
amended petition on February 4, 2005.  Amadeo was personally served on April
16, 2005.  Amadeo did not file an answer.  Amadeo was not present when a
hearing was conducted on August 30, 2005.  The trial court entered a default
divorce decree.  Amadeo filed a notice of restricted appeal on December 19,
2005.  

II.  Notice of Appeal

As an
initial matter, Maria contends Amadeo limited his appeal to challenging the
assessment of child support and division of marital property because he
specifically mentioned these two issues in his notice of appeal. 
Consequently,  Maria contends Amadeo waived his complaints in issues two,
three, six, and seven pertaining to dissolution on ground of cruelty, conservatorship
rights, attorney=s fees, and relief based on agreement of the parties.  We
disagree. 








The
contents of a general notice of appeal and additional requirements particular
to a restricted appeal are prescribed by Texas Rule of Appellate Procedure
25.1(d).  An appellant is not required to specify issues in a general notice of
appeal or notice of restricted appeal.  See Tex. R. App. P. 25.1(d).  Therefore, Amadeo has not limited
his issues on appeal by gratuitously listing only some of those issues in his
notice of appeal.  See  Gunnerman v. Basic Capital Mgmt., Inc.,
106 S.W.3d 821, 824_25 (Tex. App.CDallas 2003, pet. denied) (citing Rule 25.1 and holding party
did not waive its right to complain on appeal regarding issue not included in
notice of appeal); see also Wright v. Tex. Comm=n on Human Rights, No. 03-03-00710-CV, 2005 WL
1787428, at *2 (Tex. App.CAustin July 27, 2005, pet. denied) (mem. op.) (explaining
that Rule 25.1 does not limit the issues an appellant may raise).  Accordingly,
we address all of Amadeo=s issues.   

III.  Right to Restricted Appeal 

In his
first issue, Amadeo contends that he meets the requirements for a restricted
appeal.  A restricted appeal is a procedural device available to a party who
did not participate, either in person or through counsel, in a proceeding that
resulted in a judgment against the party.  Tex.
R. App. P. 30.  A restricted appeal it is a direct attack on a default
judgment.  A party filing a restricted appeal must demonstrate the following:
(1) initiation of an appeal within six months after the judgment was rendered;
(2) the appellant was a party to the suit; (3) the appellant did not
participate in the hearing that resulted in the judgment complained of; (4) the
appellant did not timely file a post-judgment motion, request for findings of
fact and conclusions of law, or file a notice of appeal within the time
permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5)
error appears on the face of the record.  See Tex. R. App. P. 30;  Alexander v. Lynda=s Boutique, 134 S.W.3d 845, 848 (Tex. 2004). 
For purposes of a restricted appeal, the face of the record consists of all the
papers on file in the appeal, including the reporter=s record.  See Osteen v. Osteen,
38 S.W.3d 809, 813 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (citing Norman Commc=ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)). 
Before we can consider the fifth element in the remaining issues, we must
determine whether the first four elements apply to this appeal.








The
default divorce decree was signed by the trial court on August 30, 2005. 
Amadeo filed a notice of appeal on December 19, 2005, within six months after
the judgment was rendered.  See Tex.
R. App. P. 26.1(c).  Obviously, Amadeo was a named party to the suit. 
Neither Amadeo nor his lawyer were present during the hearing.  Amadeo did not
file a post-judgment motion, request for proposed findings of fact and
conclusions of law, or file a notice of appeal from the divorce decree signed
by the judge within thirty days of its entry.  See Tex. R. App. P. 30.  Accordingly, we
find Amadeo satisfies the first four requirements of a restricted appeal.  

IV. Insufficient Evidence

In his
second, third, fourth, fifth, sixth, and seventh issues, Amadeo argues that he
satisfies the fifth requirement for a restricted appeal, i.e., error appears on
the face of the record, because there is no evidence to support the relief
granted in the divorce decree.  

A.        Standard of Review 

In
reviewing a no-evidence point of error, we consider only the evidence and
inferences tending to support the trial court=s finding and disregard all contrary
evidence and inferences; anything more than a scintilla of evidence is legally
sufficient to support the finding.  See Wal-Mart Stores, Inc. v. Miller,
102 S.W.3d 706, 709 (Tex. 2003); Barry v. Barry, 193 S.W.3d 72, 75 (Tex.
App.CHouston [1st Dist.] 2006 no pet.)
(applying standard to a restricted appeal from a default divorce decree). 

In a suit for divorce, the petition may not be taken as
confessed if the respondent does not file an answer.  Tex. Fam. Code Ann. ' 6.701 (Vernon
1998).  Thus, if a respondent in a divorce case fails to answer or appear, the
petitioner must still present evidence to support the material allegations in
the petition.  See Agraz v. Carnley, 143 S.W.3d 547, 552 (Tex. App.CDallas 2004, no
pet.) (citing O=Neal v. O=Neal, 69 S.W.3d 347,
349 (Tex. App.CEastland 2002, no pet.); Ratisseau v. Ratisseau,
44 S.W.3d 695, 697 (Tex. App.CHouston [14th Dist.] 2001, pet. dism=d by agr.); Osteen,
38 S.W.3d at 814).    Therefore, a default judgment of divorce is subject to an
evidentiary attack on appeal.  See  id.  Accordingly, Maria was
obligated to present evidence at trial supporting the material allegations in
her petition. 

 








B.      Dissolution
of Marriage on Ground of Cruelty 

In his second issue, Amadeo contends the evidence is
insufficient to support dissolution of marriage on the ground of cruelty.[1] 
As Amadeo correctly asserts, Maria presented no evidence at the divorce hearing
regarding any acts of cruelty to support the trial court=s finding that the
marriage should be dissolved on the basis of cruelty.  

Maria argues that the record contained evidence of cruelty
because  the trial court had a record of prior proceedings, including her
previous application for a protective order.  In her affidavit attached to the
application, Maria stated that Amadeo had pulled her out of her vehicle by her
hair and forced her to the ground in the presence of their children.  Maria
argues that evidence of family violence occurring during the parties= separation is
sufficient to support a finding of cruelty. See In re Marriage of Rice,
96 S.W.3d 642, 649 (Tex. App.CTexarkana 2003, no pet.);  Henry v.
Henry, 48 S.W.3d 468, 474 (Tex. App.CHouston [14th
Dist.] 2001, no pet.). However, Maria cites no authority holding that a party
may rely on an affidavit attached to a pretrial motion to satisfy its burden to
present evidence at the hearing.  Cf. Rice, 96 S.W.3d at 649B50 (holding the
trial court did not abuse its discretion in finding cruelty based on testimony
at trial regarding physical abuse after separation); Henry, 48 S.W.3d at
474 (holding the trial court did not abuse its discretion in finding cruelty
based on testimony at trial evidencing cruel treatment).  Accordingly, we
sustain Amadeo=s second issue.   

C.      Conservatorship Rights








In his third issue, Amadeo contends there is no evidence to
support the conservatorship rights granted to Maria. Specifically, Amadeo
complains that under the court=s order, Maria may establish the primary
residence of the children without geographical restriction, and Maria has the
exclusive right to obtain passports for the children.  Amadeo argues Maria
presented no evidence to the trial court regarding the extent of his contact
and relationship with the children to support these rights.

In response, Maria contends the record supports her
conservatorship rights based on her testimony that the terms and conditions of
the decree were in the best interest of the children.  She also notes that the
trial court must designate a conservator who has the exclusive right to
determine the primary residence of the children and to either establish a
geographic limitation or specify the conservator who can determine residency
without geographic limitation.  See
Tex. Fam. Code Ann. ' 153.134(b)(1)(A),(B) (Vernon Supp.
2006).  She argues that the record supports the decision based on the Afamily violence
findings@ in the temporary
ex-parte protective order previously issued by the trial court. 

In determining conservatorship issues, the trial court
primarily considers the best interest of the child.  Tex. Fam. Code Ann. ' 153.002 (Vernon
2002).  The trial court has  wide latitude in determining best interests of the
minor children.  See Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex.
1982).  Factors which may be considered in deciding what is in the best
interest of the children include: (1) desires of the children, (2) emotional
and physical needs of the children now and in the future, (3) emotional and
physical danger to the children now and in the future, (4) parental abilities
of the individuals involved, (5) programs available to those individuals to
promote the best interest of the children, (6) plans for the children by these
individuals, (7) stability of the home, (8) acts or omissions of the parent
which may indicate that the existing parent-child relationship is not proper,
and (9) any excuse for the acts or omission of the parent.  See Holley v.
Adams, 544 S.W.2d 367, 371B72 (Tex. 1976). 








Here, there is no evidence regarding any of these factors
or any other evidence from which the trial court could determine the best
interests of the children.  Maria=s testimony was
limited to the fact that she had signed the final decree and thought the
conservatorship was in the best interests of the children.  These statements
alone are conclusory and do not rise to the level of competent evidence the
trial court could use to determine the best interests of the children.  See
In re T.W.E., 217 S.W.3d 557, 560 (Tex. App.CSan Antonio 2006,
no pet.) (finding father=s Amere agreement@ that he saw no
problem with his serving as a joint managing conservator as Atoo conclusory to
amount to any evidence@).  Moreover, Maria cites no authority
holding that a party may rely on findings of fact in a temporary order to
satisfy the burden to present evidence at a hearing.  Accordingly, we find the
evidence is  insufficient to support the trial court=s determination of
the specific rights of each parent as a joint managing conservator.  Appellant=s third issue is
sustained. 

D.      Property
Division 

We next address Amadeo=s fifth issue.  
Amadeo contends the evidence is insufficient to support a just and right property division of the
marital estate. Specifically, Amadeo contends Maria merely testified that the
division of marital property she requested in her proposed divorce decree was
just and equitable without providing any explanation or reasoning for the
proposed division.  Maria
concedes that there is insufficient evidence to support the property division
as just and right.    








Maria=s testimony was limited to the mere
fact that she had signed the final decree concerning the division of marital
property, and she thought it was fair and equitable.  She did not testify
regarding the basis for her opinion that the proposed division was just and
right, and the record does not reflect any specifics regarding the nature or
value of the property or debts.  Therefore, Maria=s testimony is insufficient.  See Barry, 193 S.W.3d at
75 (finding testimony insufficient where appellee only testified that she
requested the division of property as it was given, without testifying how  it
was a just and right division); Wilson v. Wilson, 132 S.W.3d 533, 538
(Tex. App.CHouston [1st Dist.] 2004, no pet.) (holding that Agiven the dearth of evidence
identifying, describing, and valuing the community estate . . . there is
insufficient evidence to support the division of the community estate@); O=Neal, 69 S.W.3d at 350 (reversing default
judgment in restricted appeal because record contained no evidence as to value
of any property divided by trial court, no evidence of any improvements to
land, and no evidence as to whether land was separate or community property). 
Accordingly, we sustain Amadeo=s fifth issue.  

E.      Child
Support, Health Insurance, and Life Insurance Policy 

We next address Amadeo=s fourth issue. 
Amadeo contends the evidence is insufficient to support the amount of his monthly child
support obligation, or the requirement that he maintain health insurance for
the children and a life insurance policy with Maria as the beneficiary. Maria
concedes the trial court erred by determining the child support payments
without sufficient evidence.  

We need
not consider Amadeo=s challenge to the sufficiency of the evidence because based
on our
holding that insufficient evidence supports the division of the marital estate,
we remand the child support determination, including the  health insurance and
life insurance obligations, to the trial court because such a claim may be Amaterially
influenced@ by the property division.  See Wilson, 132
S.W.3d at 539 (remanding child support determination and property division in a
restricted appeal because child support determination can be Amaterially
influenced@ by the property division).  Accordingly, we sustain
Amadeo=s fourth issue.  

F.       Attorney=s Fees

In his sixth issue, Amadeo contends the evidence is
insufficient to support assessment of Maria=s attorney=s fees against
him. Maria concedes there is insufficient evidence to support the assessment of
attorney=s fees.  








A court may apportion attorney=s fees in a suit
affecting the parent-child relationship.  See Tex. Fam. Code Ann. ' 106.002 (Vernon
2002).  A court may also apportion attorney=s fees in a
divorce action as part of a just and right division of property.  See
Sandone v. Miller-Sandone, 116 S.W.3d 204, 207 (Tex. App.CEl Paso 2003, no
pet.); Henry, 48 S.W.3d at 480.  The reasonableness of the fee is a
question of fact that must be supported by evidence.  See Sandone, 116
S.W.3d at 208 (citing Ismail v. Ismail, 702 S.W.2d 216, 223 (Tex. App.CHouston [1st
Dist.] 1985, writ ref=d n.r.e.); Reyna v. Reyna, 584
S.W.2d 926, 927 (Tex. Civ. App.CHouston [14th Dist.] 1979, no writ).  A
judgment awarding attorney=s fees may be supported solely by the
attorney=s testimony.  See
Peeples v. Peeples, 562 S.W.2d 503, 506 (Tex. Civ. App.CSan Antonio 1978,
no writ) (citing Boysen v. Security Lumber Co., 531 S.W.2d 454, 457 (Tex. Civ. App.CHouston [14th Dist.] 1975, no writ)).


Here,
there was no testimony by Maria or her attorney regarding the amount of
attorney=s fees, the hours spent by her
attorney in preparation of the case, the hourly rate charged by Maria=s attorney, or the reasonableness or
necessity of the  fees charged by Maria=s attorney.  Because we reverse the
division of property and because there was no evidence presented on the issue
of attorney=s fees, we conclude the trial court abused its discretion in awarding
judgment for Maria=s attorneys fees.  See Barry, 193 S.W.3d at 76;  Sandone,
116 S.W.3d at 208.  Accordingly, we sustain Amadeo=s sixth issue.

G.      Relief Based on Agreement
of the Parties 

In his seventh issue, Amadeo contends the evidence is
insufficient to support any relief based on a purported agreement of the
parties.  Specifically, Amadeo notes three provisions in the divorce decree
purportedly based on the agreement of Amadeo and Maria but points out that he
did not make any kind of appearance and agree to these provisions.  Maria
concedes the evidence is insufficient to support any agreement of the parties
on these provisions. 








The three agreed provisions include: (1) the requirement of
alternative dispute resolution before filing any modification proceeding, (2)
the parties= acknowledgments and representations about signing the
divorce decree, and (3) the indemnification agreement regarding debts incurred
by one party for which the other party may be liable and not listed in the
divorce decree.  We find no evidence in the record regarding any agreement by
both parties to these provisions.  We sustain Amadeo=s seventh issue.  

Accordingly,
we reverse the portions of the trial court=s judgment addressing conservatorship
rights; division of the marital estate; calculation of child support, health
and life insurance; apportionment of attorney=s fees; and the parties= agreed provisions regarding
alternative dispute resolution, acknowledgments and representations about
signing the divorce decree, and indemnification, and remand for further
proceedings consistent with this opinion.  We affirm the reminder of the
judgment.             

 

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
June 19, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

 

 

 

 









[1]  The trial court also dissolved the marriage on the
ground of insupportability.  Amadeo does not contest this ground.