TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING








NO. 03-07-00011-CV





Steven J. Steele, Appellant


v.


Raquel J. Steele, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT

NO. 06-D-070, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N

 Having previously granted appellant Steven J. Steele's motion for rehearing and
withdrawn our opinion and judgment dated May 4, 2007, we substitute the following opinion in
place of the earlier one.

 This is a restricted appeal from a default judgment granting a final divorce decree
between appellant Steven J. Steele and appellee Raquel J. Steele, now Raquel M. Juarez. (1) After
initially determining that Steele had failed to timely file his notice of appeal of the trial court's
October 12, 2006 judgment and dismissing the appeal for want of jurisdiction, we granted Steele's
motion to amend his notice of appeal, thereby permitting him to proceed with this appeal as a
restricted appeal. See Tex. R. App. P. 26.1, 30. By two issues divided into five sub-issues, Steele
argues that: (1) he meets the requirements for a restricted appeal; (2) the trial court abused its
discretion in failing to name him a joint managing conservator of his and Juarez's children, S.J.S.,
K.N.S., and R.D.S.; (3) there is no evidence in the record to support the trial court's setting of the
amount of child support; (4) there is no evidence to support the trial court's division of the marital
estate; and (5) there is no evidence to support the trial court's assessment of attorney's fees. For the
reasons that follow, we affirm the final divorce decree in part and reverse and remand in part.


FACTUAL AND PROCEDURAL BACKGROUND

 On January 30, 2006, Juarez filed for divorce from Steele. Steele did not answer or
otherwise appear. A brief hearing was held on October 12, 2006. The record shows that Juarez was
the only witness to testify. She testified that she and Steele had three children during their marriage,
S.J.S., K.N.S., and R.D.S. She stated that although Steele had been personally served with this suit
for divorce on March 23, 2006, he had not made any appearance or answer; that the two had ceased
to live together; and that their marriage had become unsupportable with no reasonable expectation
of reconciliation. She further stated that she was seeking child support from Steele in accordance
with the statutory guidelines in the amount of $580, as well as reimbursement for health insurance 
for all three children. Juarez also testified that she and Steele had divided all of their property and
that the final divorce decree indicated how they had divided all of their debts. At the conclusion of
the testimony, the trial court orally pronounced that the divorce "is granted on good and sufficient
evidence." The same day, the trial court signed the divorce decree and orders for withholding
Steele's wages for the payment of child support. The court also awarded Juarez $1,200 in
attorney's fees.

 On December 11, 2006, Steele filed a motion for new trial and, in the alternative,
petition for bill of review, alleging that he had not received a copy of the October 12 divorce decree
within twenty days of the date of the order, thereby entitling him to an extended time period to file
his motion for new trial; that his failure to file an answer was the result of mistake, rather than
conscious indifference; and that he had been prevented from defending himself in the divorce action
because of Juarez's alleged fraud. Juarez filed a response, arguing that the trial court lacked plenary
power to consider Steele's motion for new trial because it was not filed within thirty days of the
signing of the final divorce decree. See Tex. R. Civ. P. 329b. After a hearing, the trial court found
that Steele had actual notice of the October 12 judgment, concluded that it lacked plenary power "to
do anything with this case, the 30 days having been run," and denied Steele's motion for new trial
by order dated January 4, 2007.

 On January 10, 2007, Steele filed his notice of appeal, arguing that in accordance with
rule 306a of the rules of civil procedure, the appellate timetable should be calculated from the date
he first obtained a copy of the judgment--November 7, 2006--rather than the date it was signed. 
See Tex. R. Civ. P. 306a(4) (providing that if within twenty days after judgment or other appealable
order is signed, party or his attorney does not receive notice or actual knowledge of that event, then,
with respect to that party, all periods for filing motions for new trial and other such documents begin
on date that notice or actual knowledge of signing occurred). (2) To establish the applicability of this
rule, the adversely affected party is required to prove in the trial court, on sworn motion and notice,
the date on which the party or his attorney first either received notice of the judgment or acquired
actual knowledge of the signing. Tex. R. Civ. P. 306a(5). 

 An appellate court can review the sufficiency of the evidence to support the trial
court's findings concerning the date that a party received actual notice of a judgment. Texaco, Inc.
v. Phan, 137 S.W.3d 763, 766 n.1 (Tex. App.--Houston [1st Dist.] 1990, writ denied). Accordingly,
this Court initially determined in our now-withdrawn opinion that the trial court's finding that Steele
had actual knowledge of the judgment on October 12, 2006, was supported by legally and factually
sufficient evidence; therefore, Steele was not entitled to an extended timetable under rule 306a. In
dismissing Steele's appeal for want of jurisdiction, however, this Court did not address Steele's
motion to amend his notice of appeal and proceed instead with a restricted appeal. 

 By motion for rehearing, Steele again urged this Court to permit him to pursue a
restricted appeal. After requesting a response from Juarez, we granted Steele's motions for rehearing
and leave to amend his notice of appeal and withdrew our prior opinion and judgment. This
restricted appeal followed.


DISCUSSION

 A restricted appeal is available for the limited purpose of providing
a non-participating party an opportunity to correct an erroneous judgment. Clopton v. Pak,
66 S.W.3d 513, 516 (Tex. App.--Fort Worth 2001, pet. denied). To prevail on his restricted appeal,
Steele must establish that:  (1) he filed notice of the restricted appeal within six months after the
judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the
hearing that resulted in the judgment complained of and did not timely file any postjudgment
motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face
of the record. See Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). In light of
our ruling on Steele's motion to amend his notice of appeal, the record establishes that each of the
first three elements has been met. With respect to the fourth element, Steele argues that error is
apparent on the face of the record because there is no evidence to support the trial court's judgment
on the issues of conservatorship, possession of and access to the children, the division of the
community estate, and the award of attorney's fees to Juarez.

 The face of the record, for purposes of a restricted appeal, consists of all the papers,
including the reporter's record, on file when the trial court rendered judgment. DSC Fin. Corp.
v. Moffitt, 815 S.W.2d 551 (Tex. 1991). Because a restricted appeal affords the same scope of
review as an ordinary appeal, the appealing party may challenge the legal and factual sufficiency of
the evidence to support the order rendered. See Miles v. Peacock, 229 S.W.3d 384, 387
(Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Norman Commc'ns v. Texas Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997)). Thus, we now turn to Steele's arguments that certain portions
of the trial court's order are unsupported by legally sufficient evidence.


Standard of Review

 In family law cases, the traditional sufficiency standards of review overlap with the
abuse-of-discretion standard of review; therefore, legal and factual insufficiency are not independent
grounds of error but are relevant factors in our assessment of whether the trial court abused its
discretion. Boyd v. Boyd, 131 S.W.3d 605, 611 (Tex. App.--Fort Worth 2004, no pet.). 
Accordingly, to determine whether there has been an abuse of discretion because the evidence is
legally or factually insufficient to support the trial court's decision, we engage in a two-pronged
inquiry, determining whether (1) the trial court had sufficient evidence upon which to exercise its
discretion, and (2) the trial court erred in its application of that discretion. Id.; see Moroch
v. Collins, 174 S.W.3d 849, 857 (Tex. App.--Dallas 2005, pet. denied). The applicable sufficiency
review comes into play with regard to the first question. Boyd, 131 S.W.3d at 611. We must sustain
a legal-sufficiency point: (1) when there is a complete absence of a vital fact; (2) when rules of law
or evidence preclude according weight to the only evidence offered to prove a vital fact; (3) when
the evidence offered to prove a vital fact is no more than a scintilla; or (4) when the evidence
conclusively establishes the opposite of the vital fact. City of Keller v. Wilson, 168 S.W.3d 802,
810 & nn.15-16 (Tex. 2005).

 In determining the legal sufficiency of the evidence, we must consider evidence
favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the
finding unless a reasonable factfinder could not. Id. at 827. We must review all the evidence in the
light most favorable to the finding. Id.; Diamond Shamrock Ref. Co., L.P. v. Hall, 168 S.W.3d 164,
170 (Tex. 2005). When there is no evidence or insufficient evidence to support the property division
or an award of attorney's fees in a divorce action, we must reverse and remand for a new trial. 
Sandone v. Miller-Sandone, 116 S.W.3d 204, 208 (Tex. App.--El Paso 2003, no pet.);
see Wolk v. Wolk, No. 03-06-00595-CV, 2007 Tex. App. LEXIS 7474, at *11 (Tex. App.--Austin
Sept. 12, 2007, no pet.) (mem. op.) (remanding assessment of attorney's fees and costs in connection
with remand of division of marital estate when no evidence supported attorney's fee award).

 Technically, there can be no default judgment in a divorce action. Roa v. Roa,
970 S.W.2d 163, 165 n.2 (Tex. App.--Fort Worth 1998, no pet.). Even when a respondent fails to
file an answer to a petition seeking divorce, the petitioner is required to prove the allegations at the
final hearing on the case because a petitioner's allegations are not taken as confessed by a
respondent's failure to answer. Id.


Conservatorship

 In his first sub-issue, Steele argues that the final divorce decree violated the statutory
presumption imposed by the family code provision that parents be named joint managing
conservators. See Tex. Fam. Code Ann. § 153.131(b) (West 2006) ("It is a rebuttable presumption
that the appointment of the parents of a child as joint managing conservators is in the best interest
of the child."). The final divorce decree named Juarez sole managing conservator of the children,
S.J.S., K.N.S., and R.D.S., and Steele possessory conservator of the children. Steele contends there
was no evidence that the trial court considered the best interests of the children in making its
conservatorship determination, and the trial court therefore abused its discretion by failing to appoint
the parties joint managing conservators.

 In her response to Steele's motion for rehearing, Juarez "concedes that the trial court
abused its discretion by naming [her] as the sole managing conservator of the children." She further
acknowledges that the record contains no evidence to support a determination that naming her the
sole managing conservator is in the best interest of the children. Finally, she concedes, "a sole
conservatorship was not sought in the pleadings and, therefore, as a matter of law, the trial court's
order of a sole conservatorship is void." We sustain Steele's sub-issue as to conservatorship.


Child Support

 By his second sub-issue, Steele contends there is no evidence in the record to support
the trial court's setting of the amount of child support, which he asserts deviated from the statutory
guidelines. Juarez concedes that the trial court abused its discretion by failing to hear evidence
necessary to calculate net resources for the purposes of determining child-support liability and that
the final divorce decree is defective for its failure to address the reductions in child support
prescribed by section 154.001 of the family code. See Newberry v. Newberry, 146 S.W.3d 233, 236
(Tex. App.--Houston [14th Dist.] 2004, no pet.) ("There must be some evidence of a substantive
and probative character of net resources in order for this duty to be discharged."). We therefore
sustain Steele's second sub-issue regarding the child-support order.


Division of the Community Estate

 Steele argues in his third sub-issue that the division of community property cannot
be upheld because the record is devoid of testimony concerning the value of the property or the
debts. He complains specifically that the division of property includes a money judgment "for
reimbursement to Raquel J. Steele of her separate property that was used for a down payment on the
residence that has been repossessed" and a finding that the judgment is "enforceable by contempt"
because the sums existed at the time the decree was rendered. He urges that there is no evidence in
the record to support the award or the finding.

 Juarez responds that the division is adequately supported by her testimony that she
and Steele had divided all of their property and her request that the trial court approve all of the
terms presented in the final divorce decree. (3) We disagree. To the extent that assigning Steele
liability for this judgment results in a disproportionate division of the community estate, it is
unsupported by any evidence. Nor is Juarez's scant testimony sufficient evidence as to the extent
or value of the marital estate or debts. See O'Neal v. O'Neal, 69 S.W.3d 347, 349-50
(Tex. App.--Eastland 2002, no pet.) (evidence was legally insufficient where only appellee testified
at trial, testimony comprised just four pages, and appellee during his testimony merely referred to
proposed decree he had submitted to trial court as evidence of value of marital estate). We sustain
Steele's third sub-issue regarding the division of the community estate.


Attorney's Fees

 Finally, Steele argues that there is no evidence as to the reasonableness and necessity
of Juarez's attorney's fees. Juarez maintains that the trial court was presented with sufficient
evidence that it was necessary for her to hire an attorney because (1) Steele did not answer or appear
in the trial court and (2) it was necessary to make arrangements regarding the community property,
conservatorship, and child support for their three children. Even if we construe this as some
evidence that attorney's fees were necessary, it is not evidence that $1,200 in attorney's fees were
actually incurred or that such an award is reasonable. See Barry v. Barry, 193 S.W.3d 72, 76
(Tex. App.--Houston [1st Dist.] 2006, no pet.). We therefore sustain Steele's fourth sub-issue.


CONCLUSION

 We hold that, because Juarez presented no evidence concerning conservatorship, child
support, the parties' marital assets and debts, or attorney's fees, the trial court lacked sufficient
evidence upon which to exercise its discretion with regard to these matters. See Moroch,
174 S.W.3d at 857; Boyd, 131 S.W.3d at 611. This error is apparent on the face of the record. 
See Tex. R. App. P. 30; Alexander, 134 S.W.3d at 848. We therefore sustain Steele's first and
second issues. Accordingly, we affirm only that part of the final decree that grants the parties'
divorce; we reverse the remainder of the final decree and remand the cause to the trial court for
further proceedings.


 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed in Part; Reversed and Remanded in Part

Filed: August 19, 2009
1. The judgment and notice of appeal both identify appellee as Raquel J. Steele. To avoid
confusion, however, we will refer to her in this opinion as "Juarez," as she now identifies herself.
2. The rule further provides that such time periods cannot begin more than ninety days after
the original judgment or other appealable order was signed. See Tex. R. Civ. P. 306a(4).
3. Juarez's testimony at the October 12 hearing consisted of the following:


Q. Have you and your husband divided all of your property?


A. Yes.


Q. Does the final divorce decree indicate how you have divided your debts?


A. Yes.