Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-08-00904-CV

Martin E. **SANTILLAN**,
Appellant

v.

Ester **CAMPOS**,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 2540
Honorable James M. Simmonds, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 28, 2009

REVERSED AND REMANDED

This is an appeal from a divorce decree dissolving the marriage of Appellant Martin Santillan and Appellee Ester Campos. On appeal, Santillan asserts the trial court erred in: (1) awarding Campos a disproportionate share of the property based on insufficient evidence to support the judgment; and (2) ordering child support based on insufficient evidence of Santillan's net resources. We reverse the final divorce decree and remand this case to the trial court for further proceedings consistent with this opinion.

**BACKGROUND**

The parties were married in July of 1990. One child was born of the marriage before the parties separated in 2008. Campos petitioned for divorce, and Santillan was served on July 1, 2008. Santillan did not file an answer or otherwise appear, and on September 19, 2008, Campos moved for a default judgment and the trial court held a brief hearing. Campos was the only witness to testify and no exhibits were admitted. Following the hearing, the trial court signed a divorce decree granting the relief sought by Campos on the same day as the hearing. Santillan appeals both the division of property and the child support ordered in the decree.

**DIVISION OF THE MARITAL ESTATE**

On appeal, Santillan asserts the trial court erred in awarding Campos a disproportionate share of the marital estate based on insufficient evidence to support the division.

**A. Standard of Review**

We review the division of marital property under an abuse of discretion standard. *See Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.). Trial courts have "wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown." *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *accord Lifshutz v. Lifshutz*, 199 S.W.3d 9, 18 (Tex. App.—San Antonio 2006, pet. denied). In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; "therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion." *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.) (citing *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied)).

Therefore, in considering "whether the trial court abused its discretion because the evidence is legally or factually insufficient, we apply a two-prong test: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion?" *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.). "If a court of appeals finds reversible error that materially affects the trial court's 'just and right' division of property, then it must remand the entire community estate for a new division of the property." *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

## B. Insufficient Factual Evidence for Just and Right Division

### 1. Applicable Law

In a decree of divorce or annulment, "the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). Factors to be considered include: "(1) the education of the parties, (2) their relative earning capacities, (3) the size of their separate estates, and (4) the nature of the community property." *Hailey v. Hailey*, 176 S.W.3d 374, 380 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "Evidence is legally insufficient when the record discloses: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact." *Lifshutz*, 199 S.W.3d at 17 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)).

More than a scintilla of evidence of the just and right division is required to support the court's division of property. *See Barry v. Barry*, 193 S.W.3d 72, 75 (Tex. App.—Houston [1st

Dist.] 2006, no pet.). In *Barry*, the First Court of Appeals noted "[a]s to the division of property, the testimony at trial only showed that [the wife] requested the division of property as it was given, without testifying as to how this was a just and right division, [and this] was insufficient." *Id*.; *see also Vazquez v. Vazquez*, No. 14-05-01257-CV, 2007 WL 1745324, at \*4 (Tex. App.— Houston [14th Dist.] June 19, 2007, no pet.) ("the record does not reflect any specifics regarding the nature or value of the property or debts. Therefore, [the wife's] testimony is insufficient."). Consequently, if the division of marital property "lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion." *Wilson*, 132 S.W.3d at 537; *see also Barry*, 193 S.W.3d at 75.

2. *Evidence at Trial*

As the sole witness at trial, Campos testified to the following pertinent marital property assets and answered affirmatively to each of the following questions propounded by counsel:

- "Are you asking the court to award you one-half of any benefits that [Santillan] has earned by reason of his employment?"

- "[A]re you asking that the court award [Santillan] the 1999 GMC pickup?"

- "[Are you asking that the court award Santillan] [t]he 1987 Chevrolet pickup?"

- "[Are you asking that the court award Santillan] [t]he 1990 Chevrolet Silverado?"

- "[Are you asking that the court award Santillan] [t]he 1985 Ranger bass boat?"

- "Are you asking that the court award [Santillan] all of his tools, equipment, welder, air-compressor, anything having to do with storage and cars and so forth?"

- "[A]re you asking the court to award [Santillan] the master bedroom suit?"

- "[Are you asking that the court award Santillan] [a] TV, a freezer, half the linens, half the pots and pans and all the households goods?"

- "We have mentioned a residence located at 128 Kim Drive. Are you asking for the court to award that home to you?"

- "Is there a mortgage against this property?"

- "Are you asking the court to award you [the vacant lot near the air base]?"

- "Are you asking the court to award [you] those [retirement benefits accrued by you with your employer]?"

No exhibits or other evidence as to the values of any of the retirement accounts, residential properties, or vehicles was admitted. The trial court did not inquire as to the size or specifics of the separate or community estates. Furthermore, there is no evidence in the record of the value of any of the property divided by the trial court. The divorce decree simply awards the property requested by Campos.

*3. Analysis*

In her testimony, Campos failed to identify the amount of the community estate. *See Barry*, 193 S.W.3d at 75. Campos' testimony was inadequate for the trial court's division of retirement accounts, residential properties, and other effects without evidence as to their values. Without the "ability to determine the size of the community pie, we can make no determination that the slices awarded to each spouse were just and right." *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 207-08 (Tex. App.—El Paso 2003, no pet.). Because the record lacks any evidence of the community estate's value, the trial court abused its discretion in concluding Campos presented sufficient evidence to support a just and right division. *See id.*

**CHILD SUPPORT**

Appellant also asserts the trial court erred in ordering child support without any evidence of net resources or factual findings for varying the amount computed from the percentage presumption.

## A.  Standard of Review

A trial court's order on child support is reviewed for an abuse of discretion. *Garner v. Garner*, 200 S.W.3d 303, 306 (Tex. App.—Dallas 2006, no pet.); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).   The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985).  In the child-support context, sufficiency challenges are not independent points of error, but are "incorporated into an abuse of discretion determination."  *McGuire v. McGuire*, 4 S.W.3d 382, 387 n.2 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

## B.  Amount of Child Support

Trial courts apply the presumptive guidelines set out in section 154.125 of the Texas Family Code to determine the amount of child support.  TEX. FAM. CODE ANN. § 154.125(b) (Vernon 2008).  Regarding a child-support award, section 154.062 provides that a court "shall calculate net resources for the purpose of determining child support liability as provided by this section."  *Id*. § 154.062(a).   "Net resources" includes all wage and salary income, self-employment income, and all other income actually being received.  *Id*. § 154.062(b).  Section 154.063 also provides that "[t]he court shall require a party to . . . furnish information sufficient to accurately identify that party's net resources and ability to pay child support."  *Id*. § 154.063;

*Garner*, 200 S.W.3d at 306. There must be "some evidence of a substantive and probative character of net resources in order for this duty to be discharged." *Newberry v. Bohn-Newberry*, 146 S.W.3d 223, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing TEX. FAM. CODE ANN. § 154.062 (Vernon 2002)).

However, "[i]n the absence of evidence of the wage and salary income of a party, the court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour week." TEX. FAM. CODE ANN. § 154.068 (Vernon 2008); *In re B.R.G.*, 48 S.W.3d 812, 818-19 (Tex. App.—El Paso 2001, no pet.) (in the absence of proof to the contrary, a trial court is authorized to presume the obligor earned the federal minimum wage). Because one minor child is at issue here, the guidelines suggest the obligor is to pay 20% of his monthly net resources toward the support of the child. TEX. FAM. CODE ANN. § 154.125.

In addition, subsection (b) of § 154.130 requires the court to clearly explain its deviation from the guidelines whenever the statutory percentages would yield an amount different from the sum actually ordered. *See id*. § 154.130(b). Thus, to deviate from the guideline's provision setting child support at the particular percentage of net resources, the trial court is required to make findings regarding: "the net monthly resources of the obligor and obligee, the percentage applied by the court to the obligor's net monthly resources that yields the child support obligation set by the court, the amount of support that would result if the guidelines were followed, and the specific reasons why the amount ordered by the court varies from the amount called for by application of the guidelines." *In re S.B.S.*, 282 S.W.3d 711, 717 (Tex. App.—Amarillo 2009, pet. filed) (citing § 154.130(b)).

During the default hearing before the trial court, Campos submitted no evidence regarding Santillan's salary or net resources. Rather, Campos simply requested "the court to

order Mr. Santillan to pay [] $1,000 a month for child support." In order for the trial court's child support order of $1,000 per month to be in line with the statutory percentage, Santillan's net resources would have to be $5,000 per month. This greatly exceeds the federal minimum wage presumption of section 154.068. TEX. FAM. CODE ANN. § 154.068 (Vernon 2008). Contrary to the requirements set forth in section 154.130, the divorce decree mirrors Campos' request and is silent with regard to Santillan's net resources, the statutory guideline, or the presumption of minimum wage. TEX. FAM. CODE ANN. § 154.130 (Vernon 2008). Therefore, the trial court abused its discretion in awarding child support without any evidence of Santillan's net resources.

## CONCLUSION

We conclude the evidence is insufficient to support the trial court's just and right division of the marital estate. We also conclude there is no evidence to support the trial court's order of child support. Accordingly, the trial court abused its discretion with regard to both the division of marital assets and the monthly child support. We, therefore, reverse the final divorce decree and remand this matter to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice