COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Lawrence Ealy v. EVC Engage, LLC

Appellate case number:      01-21-00095-CV

Trial court case number:    2020-09144

Trial court:                 334th District Court of Harris County

Appellee, EVC Engage, LLC, has filed a "Motion to Dismiss Restricted Appeal for Lack of Jurisdiction." In its motion, appellee argues that this Court lacks jurisdiction over appellant, Lawrence Ealy's, restricted appeal, "[b]ecause Ealy filed a postjudgment motion." Restricted appeals are governed by Texas Rule of Appellate Procedure 30, which provides:

> A party who did not participate–either in person or through counsel–in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. Accordingly, restricted appeals are available only in limited circumstances and for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *See P&A Real Estate, Inc. v. Am. Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.).

The underlying litigation arises out of a real estate dispute, wherein appellee sued Ealy "to enforce a written contract to purchase real estate" from Ealy. On July 28, 2020, appellee filed a motion for summary judgment with the trial court. Appellee set its motion for summary judgment on the trial court's submission docket for August 24, 2020 and served both the motion for summary judgment and notice of submission on Ealy. However, Ealy did not file a response to appellee's motion for summary judgment. On August 29, 2020, the trial court signed an order granting appellee's motion for summary judgment. This order constituted a final, appealable order.

On September 4, 2020, Ealy, acting pro se, placed into the mail via the United States Postal Service, a letter addressed to the Honorable Judge Steven Kirkland, the presiding

judge of the 334th District Court of Harris County. While the letter was addressed to Judge Kirkland, it was filed by the district clerk on September 17, 2020. In the letter, Ealy asked for "the mercy of the [trial court] to grant [him] another court appearance that [Ealy] may defend" himself. It its motion to dismiss, appellee posits that Ealy's letter should be construed as a motion for new trial, leaving this Court without jurisdiction over Ealy's notice of restricted appeal. *See* TEX. R. CIV. P. 320, 329b; TEX. R. APP. P. 30.

While Ealy's letter does not meet the formalities of a pleading filed with a trial court, such as a motion for new trial, appellant correctly notes that courts are to "look to [the] substance [of a document], not to the form of its title or caption." *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Further, Texas law directs courts to view pro se filings "with liberatily and patience." *See Aguilar v. Stone*, 68 S.W.3d 1, 1 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding).

Ealy's letter requests that the trial court "grant [him] another court appearance," so that he "may be present to represent" himself. Given this, the substance of Ealy's letter to Judge Kirkland appears to request that the trial court "set aside [its] existing judgment," and to further "request relitigation of the issues." *See Barry*, 193 S.W.3d at 74. Ealy's letter was also in writing, signed by Ealy, and submitted within thirty days of the judgment. *See* TEX. R. CIV. P. 320, 329b(a).

However, even assuming we were to construe the substance of Ealy's letter as a motion for new trial, a "filing is not completed until the fee is paid." *See Jamar v. Patterson*, 868 S.W.2d 318, 319 n.3 (Tex. 1993). Notably, when Ealy tendered his letter to the United States Postal Service, he did not also tender payment of the required filing fee. *See* TEX. GOV'T CODE ANN. § 51.317(a), (b)(2). Further, there is no evidence in the record before this Court that Ealy has paid any filing fee related to the letter since it was tendered to the United States Postal Service.

While the date of "filing" is the date the document is "first tendered to the clerk," a trial court "should not consider" a filing until the fee is paid. *See Jamar*, 868 S.W.3d at 319 n.3. As noted above, here, there is no evidence that Ealy ever paid a filing fee in connection with his letter requesting the trial court "grant [him] another court appearance," and as such, filing was never completed. *See Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 321 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam), *disp. on merits*, 01-99-00662-CV, 1999 WL 997788, at *1 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (dismissing appeal for lack of jurisdiction where, after notice from appellate court, appellant failed to pay filing fee associated with motion for new trial filed in trial court).

Accordingly, absent a properly filed postjudgment motion, Ealy's notice of restricted appeal is proper. We therefore **deny** appellee's motion to dismiss. **Appellee's brief remains due to be filed on or before September 30, 2021**. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: _____/s/ Amparo Guerra_____
☑ Acting individually    ☐ Acting for the Court

Date: ___August 26, 2021____