**Opinion issued December 8, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00591-CV

———————————

**JARROD DALE YOUNG, Appellant**

**V.**

**KATHRYN RENEE TERRAL, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-37683**

---

## MEMORANDUM OPINION

Appellant Jarrod Dale Young filed suit against Kathryn Renee Terral to establish paternity, conservatorship, and possession of their child. Young appeals the trial court's awards of retroactive child support, compensation for prenatal and postnatal expenses, and attorney's fees. He contends that the amounts of

retroactive support and medical expenses were outside the guidelines provided in the Texas Family Code and were not supported by sufficient evidence. *See* TEX. FAM. CODE §§ 154.009, 160.636. He also argues that there was insufficient evidence to support an award of attorney's fees. *See id.* §§ 106.002, 160.636(c).

We reverse the award of attorney's fees, and we remand for further consideration of that issue. We affirm the remainder of the judgment as modified.

**Background**

Young and Terral lived together and were in an unmarried relationship when their daughter was born in 2009. Young contributed to the couple's living expenses while he was employed, but he did not contribute during a period of five to six months of unemployment. The record does not specify how much he contributed during the period they lived together.

In 2010, the couple separated, and Young moved out. Young initially agreed with Terral that they would forego formal child support, and that instead he would pay her car insurance and the child's healthcare expenses, which together totaled approximately $200 per month. In 2012, Terral asked that Young pay formal child support instead, and he signed paperwork from the Attorney General's office to that effect. Young then stopped paying for Terral's car insurance before the formal support began. Terral testified she was not notified about the end of the insurance payments, and her car was nearly repossessed. This led to an incident in which

Terral took the child from Young by force and prevented him from seeing her for six weeks.

In response, Young filed suit seeking to establish proof of paternity, conservatorship, possession, child support, and attorney's fees. Terral filed a counterpetition seeking conservatorship, a restraining order, retroactive support, and attorney's fees. They agreed on temporary orders that made them joint managing conservators and gave Terral primary possession of the child. The temporary orders required Young to pay $300 per month in child support, including withholdings from earnings that would be credited against the child-support obligation.

The case proceeded to a bench trial. On cross-examination, Terral's counsel asked Young whether he was ordered to pay $223 a month, and he confirmed that number rather than the $300 reflected in the agreed temporary orders. Young also admitted that he had been working at a new position that paid more than a previous one without alerting the court, that he earned at least $4,300 each month, and that this would increase the amount he owed under the statutory guidelines.

Terral presented evidence of her medical expenses. Her mother had obtained insurance for her under the Consolidated Omnibus Budget Reconciliation Act (COBRA) in order to pay the medical expenses of the pregnancy. Terral's mother testified as to the amount of the COBRA payments with a handwritten

demonstrative, which the court admitted over Young's objection to the form of the evidence. She calculated the total amount of COBRA payments as $8,750.38, stating that she wanted to be reimbursed for these payments. Young did not otherwise object to Terral's evidence on the subject of prenatal and postnatal expenses.

Both Terral and Young asked for attorney's fees in their pleadings. Terral was briefly questioned by her counsel as to whether she was asking for attorney's fees and whether the rates had been reasonable. Young's counsel did not reference attorney's fees in court until the end of the trial when judgment was being rendered, leading Terral's counsel to argue that such fees had not been proved. Terral asked for $9,272 in attorney's fees, and the trial court awarded her $4,000. The court stated that since this amount was much lower than what was asked for, it was similar to granting Young's request for attorney's fees as well.

The trial court set child support payments at $679 per month, and it ordered Young to pay $5,072 in retroactive support. The court also ordered Young to pay $4,375, representing half of the COBRA insurance premiums, as prenatal and postnatal healthcare expenses. Young appealed.

**Analysis**

Young raises three issues on appeal. First, he asserts that the trial court erred in the amount of retroactive child support it ordered and that it deviated from the

"guiding principles" of the Texas Family Code. *See* TEX. FAM. CODE §§ 154.009, 160.636(h). Second, he contends that the trial court had insufficient evidence to support an award of prenatal and postnatal expenses, claiming that the evidence submitted by Terral on this issue was improperly presented and was unfair surprise. *See id.* § 160.636(g). Finally, Young argues that there was insufficient evidence to support the trial court's award of attorney's fees. *See id.* § 106.002.

Appellate courts review a trial court's award of child support, including retroactive support and prenatal and postnatal expenses, for abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). An award of attorney's fees is similarly within the trial court's discretion. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Newberry v. Bohn–Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Under the abuse-of-discretion standard applied in this context, legal and factual insufficiency are not independent grounds of error, but rather relevant factors in determining whether the trial court abused its discretion. *Ayala v. Ayala*, 387 S.W.3d 721, 726 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In a nonjury case, complaints regarding legal or factual insufficiency of the evidence may be

made for the first time on appeal. TEX. R. APP. P. 33.1(d). A trial court does not abuse its discretion when there is some evidence of a substantive and probative character that supports its judgment. *Ayala*, 387 S.W.3d at 726.

## I.    Retroactive child support

In his first issue, Young challenges the amount of retroactive child support ordered by the court. Orders for retroactive child support are subject to the guidelines provided by Chapter 154 of the Texas Family Code. *See* TEX. FAM. CODE §§ 154.009, 154.131, 160.636(h). A trial court may order retroactive child support if the parent previously has not been ordered to pay support for the child. *Id.* § 154.009(a). Section 154.131 of the Family Code provides further guidelines for the amount of retroactive child support, including the following:

> In ordering retroactive child support, the court shall consider the net resources of the obligor during the relevant time period and whether . . . (2) the obligor had knowledge of his paternity or probable paternity . . . and (4) the obligor has provided actual support or other necessaries before the filing of the action.

*Id.* § 154.131(b). The Family Code also specifies a percentage guideline for parents whose monthly net resources are not greater than $7,500. *Id.* §§ 154.125(b). That guideline currently sets the amount owed at 20% of the obligor's net resources when support is owed for one child. *Id.* An order that does not exceed the total amount of support that would have been due for the four years preceding the date the petition seeking support was filed is presumed to be reasonable and in the best

interest of the child. *Id.* § 154.131(c). The presumption may be rebutted by evidence that (1) the obligor knew or should have known that he was the father of the child for whom support is sought and (2) he sought to avoid the establishment of a support obligation for the child. *Id.* § 154.131(d).

Under the Family Code, the trial court has a duty to calculate net resources for the purposes of determining child support liability. *Ayala*, 387 S.W.3d at 727. Accordingly, there must be "some evidence of a substantive and probative character of net resources" in order for the court to discharge this duty. *Newberry*, 146 S.W.3d at 236. Nonetheless, courts may calculate net resources based on "imprecise information." *Ayala*, 387 S.W.3d at 727.

A trial court has broad discretion to award an amount other than that established by the child support guidelines, but only if the evidence rebuts the presumption that the application of the guidelines is in the best interest of the child. *Id.* To determine whether application of the guidelines would be unjust, the court must consider evidence of all relevant factors, including the ability of the parents to contribute to the support of the child, an increase or decrease in the income of the obligee, the amount of alimony or spousal maintenance actually and currently being paid or received by a party, and the amount of other deductions from the wage or salary income of the parties. *See* TEX. FAM. CODE § 154.123.

Young contends that the trial court did not follow the guidelines when awarding retroactive child support and that there was insufficient evidence to support the award. Young bases his argument largely on allegations that the court did not consider the $77 in withholding from his wages that he had been paying pursuant to the temporary orders. He claims that if the withholding had been included in the court's calculations, the correct amount of retroactive child support owed since January 2013 should have been $3,790 rather than $5,027.

We conclude the court had sufficient evidence to support its award of retroactive child support. By statute, the court's order is presumed reasonable if the amount of retroactive support is limited to an amount that does not exceed the total amount of support that would have been due for the four years before Terral's counterpetition was filed. *See id.* § 154.131(c). As the counterpetition was filed in 2012, this period would date back to the time of the child's birth in 2009.

There was sufficient evidence in the record to support an award of retroactive support beyond the amount that differed between the temporary order and the increased salary that Young received in 2013. Both parties testified that Young only paid $200 per month during the period from 2010 until 2012 when they had an informal agreement. From the evidence produced at trial, the court could have found that additional retroactive child support was due for this interval based on Young's ability to pay and the amount he actually paid. *See id.* § 154.123.

8

Furthermore, the evidence showed that for some periods Young did not contribute to his daughter's necessities at all. *See id.* § 154.131(b). The trial court thus had "some evidence" to support its judgment in awarding retroactive child support and did not abuse its discretion. *See Ayala*, 387 S.W.3d at 727–28; *Newberry*, 146 S.W.3d at 236. We overrule Young's first issue.

## II.     Prenatal and postnatal healthcare expenses

Young asserts that the court abused its discretion by ordering that he pay a share of the prenatal and postnatal health expenses incurred during Terral's pregnancy. He contends that there was insufficient evidence to support the healthcare expenses in question. He also argues that, because he had requested discovery of documentation of prenatal or postnatal expenses but allegedly did not receive a reply, the testimony on prenatal and postnatal expenses was unfair surprise.

## A.     Sufficiency of the evidence

Family Code section 160.636 requires a "proper showing" before the court may order a party to pay an equitable portion of prenatal and postnatal healthcare expenses for the mother and child. TEX. FAM. CODE § 160.636(g). When there is no documentation or testimony of expenses introduced into evidence, there is no "proper showing," and an award of prenatal and postnatal expenses is an abuse of

discretion. *See In re Q.D.T.*, No. 14-09-00696-CV, 2010 WL 4366125, at \*6 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (mem. op.).

*Q.D.T.* dealt with an order to pay prenatal and postnatal expenses when the sole supporting evidence was the mother's testimony that she had given a copy of the medical bills and parenting plan which contained the figures to the court and opposing counsel. *Id.* at \*5. The mother did not testify to the amount of expenses and did not file any record of either the parenting plan or medical bills with the court nor submit any documentation into evidence. *Id.* at \*6. The Fourteenth Court of Appeals held that because there was no evidence to support the trial court's findings, there was no "proper showing" of expenses and thus the award of prenatal and postnatal expenses was an abuse of discretion. *Id.*

Young relies on *Q.D.T.* for the proposition that Terral's failure to introduce the actual insurance bills means that there was not a proper showing of expenses. However, *Q.D.T.* was decided on the basis that no testimony or documents whatsoever were included in the record to support the award. *Id.* In contrast, both Terral's mother's testimony and the handwritten ledger that she completed were admitted as evidence of the medical expenses. While Young challenged the form of the evidence at trial, he does not challenge the admission of this evidence on appeal. Instead, he contends that the handwritten evidence alone was not enough to provide a proper showing. Young did not controvert the asserted amount of

medical expenses or at any point provide competing evidence to challenge the testimony, and there was nothing to suggest that the court could not rely on the testimony. We conclude the court could consider the testimony and handwritten evidence a "proper showing" for the purposes of the Family Code.

## B.    Unfair surprise

If a party fails to make, amend, or supplement a discovery response in a timely manner, it may not introduce into evidence the material or information that was not timely disclosed. TEX. R. CIV. P. 193.6. An exception exists if the court finds that there was good cause for the failure to timely make the discovery response or that the failure to make the discovery response will not unfairly surprise or prejudice the other parties. *Id.* If a party fails to respond to a discovery request, exclusion of the undisclosed material is generally mandated absent a showing of good cause. *See Harris Cnty v. Inter Nos, Ltd.*, 199 S.W.3d 366, 367 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A party may claim error in the admission of evidence only if the error affects a substantial right of the party and a party, on the record, timely objects or moves to strike and states the specific ground. *See* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1.

Young raises the issue of unfair surprise for the first time on appeal. He did not object to the questions or testimony relating to postnatal or prenatal expenses at trial, and he did not complain about unfair surprise at any point before the trial

11

court. As the issue of unfair surprise was not raised in the trial court and the appellate record does not include the parties' discovery requests and responses, we cannot conclude that the trial court committed error in allowing the admission and use of the evidence. *See* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1.

Because the trial court was able to rely on "some evidence" in making its judgment and there was no objection as to unfair surprise, there was no abuse of discretion in awarding prenatal and postnatal expenses. *See id.*; *Ayala*, 387 S.W.3d at 726. We overrule Young's second issue.

## III.    Attorney's fees

Young claims that the court abused its discretion by awarding attorney's fees. Young argues that Terral did not "prove up" her fees and provide sufficient evidence to support the award. Terral responds that Young waived the issue because he did not object or bring the issue of attorney's fees before the court by motion.

A court may apportion attorney's fees in a suit affecting the parent-child relationship. *See* TEX. FAM. CODE § 106.002. "The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion." *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996). However, the award must be supported by evidence that should include testimony regarding the hours spent on the case, the nature of preparation, the complexity of the case, the experience of the

attorney, and the prevailing hourly rates. *Branham v. Davenport*, No. 01-11-00992-CV, 2013 WL 5604736, at *8 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (mem. op.) (citing *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). An attorney may testify to the reasonableness of his or her own fees as an expert witness. *Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010). The court may not take judicial notice that the usual and customary fees are reasonable; the party must offer legally and factually sufficient evidence on the issue. *Q.D.T.*, 2010 WL 4366125 at *9. In a nonjury case, a complaint regarding legal or factual insufficiency of the evidence may be made for the first time on appeal in the complaining party's brief. Tex. R. App. P. 33.1(d).

In this case, Terral's testimony on the reasonableness of attorney's fees consisted solely of the following:

> Q: Are you asking the Court that Mr. Young pay your attorney's fees today?
>
> A: Yes.
>
> Q: And did you agree to pay me a reasonable rate?
>
> A: Yes.

The only other testimony on the reasonableness of attorney's fees came from Terral's counsel asserting at the end of trial that her fees were $9,272.

We conclude that there was insufficient evidence of the reasonableness of attorney's fees in this case. While Young did not object to Terral's assertion of

13

attorney's fees at trial, this is a complaint regarding the sufficiency of the evidence supporting the award, and thus it can be brought for the first time on appeal. *See* TEX. R. APP. P. 33.1(d); *Q.D.T.*, 2010 WL 4366125 at *9. There is no evidence in the record of the amount of hours spent on the case, the nature of preparation, the experience of the attorney, or the complexity of the case. *See Davenport*, 2013 WL 5604736, at *8. Terral asserts that full invoices and the contract for employment were disclosed in earlier discovery, but she admits that they were not submitted as part of the record and thus cannot be considered on appeal. *See Q.D.T*, 2010 WL 4366125 at *5; *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied). Neither party adduced sufficient evidence to support attorney's fees. Terral's bare assertion that fees were assessed at a "reasonable rate" is insufficient to support the award. *See Davenport*, 2013 WL 5604736, at *8.

Because the attorney's fee award was not supported by sufficient evidence that the fees were reasonable, we conclude that the trial court abused its discretion by awarding attorney's fees in the amount of $4,000. *See Q.D.T.*, 2010 WL 4366125 at *10. However, as there is "some evidence" that attorney's fees were incurred, we remand to the trial court for further proceedings. *See Garcia*, 319 S.W.3d at 642 (noting that when there is evidence that legal services were performed, it "blinks reality" to assume no fees were incurred); *Akin, Gump,*

14

*Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 124 (Tex. 2009).

We sustain Young's third issue, and reverse and remand the award of attorney's fees.

## Conclusion

We reverse the trial court's judgment in part, and we remand the issue of attorney's fees to the trial court for further proceedings. The remainder of the trial court's judgment is affirmed.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.